# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIKSSON, LLC,** | **CASE NO. 1:20-CV-0464 AWI SAB** |
| **Plaintiff** | |
| v. | **ORDER REMADNING MATTER FOR LACK OF SUBJECT MATTER JURISDICTION** |
| **LOVELAND PRODUCTS, INC., a Colorado corporation** | |
| **Defendant** | |

On March 31, 2020, Defendant removed products liability dispute from the Fresno County Superior Court. See Doc. No. 1. The basis for the removal was diversity jurisdiction. See id. The Notice of Removal states that the Plaintiff through a demand letter seeks $3.1 million in damages. The notice states that complete diversity exists because Defendant is a citizen of Colorado with its principal place of business in Colorado, and Plaintiff "is a limited liability company organized and existing under the laws of the State of California with its principal place of business in Fresno County, California." See Doc. No. 3.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582

F.3d 1039, 1042 (9th Cir. 2009). For diversity jurisdiction, the amount in controversy must exceed $75,000.00, and there must be "complete diversity," which means "each of the plaintiffs must be a citizen of a different state than each of the defendants." See 28 U.S.C. § 1332(a); Hunter, 582 F.3d at 1043; Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1095 (9th Cir. 2003). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997).

Here, given the demand letter and that the damages claimed are to a crop of pistachios, the Court is satisfied that the amount in controversy exceeds $75,000.00. The problem is that it is unclear whether complete diversity exists. Defendant's notice of removal alleges that Plaintiff's citizenship based on state of incorporation and principal place of business. If Plaintiff was a corporation, this would sufficiently demonstrate Plaintiff's citizenship, see Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010), and thus, show complete diversity for purposes of the notice of removal. Critically, Plaintiff is not a corporation. As its name expressly shows, Plaintiff is an LLC. See Complaint ¶ 2. It is well established in the Ninth Circuit that, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." 3123 SMB, LLC v. Horn, 880 F.3d 461, 465 (9th Cir. 2018); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). Defendants' allegations regarding Plaintiff's place of business and incorporation do not establish in any way Plaintiff's citizenship. See id.

It is Defendants' burden to establish subject matter jurisdiction, see Hunter, 582 F.3d at 1042, and they have not done so. The law regarding the citizenship of an LLC has been clearly established in the Ninth Circuit since 2006, see Johnson, 437 F.3d at 899, yet the notice of

removal cites only information that is relevant to a corporation.  The Court has no idea what Plaintiff's citizenship is.  Therefore, the Court has doubts about its subject matter jurisdiction. That doubt is resolved against finding subject matter jurisdiction.  See Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566.  Because the Court's subject matter jurisdiction has not been sufficiently invoked, remand pursuant to 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  Bruns, 122 F.3d at 1257.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 1447(c) and the lack of subject matter jurisdiction, this case is REMANDED forthwith to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   April 2, 2020                              _____
                                                    SENIOR  DISTRICT  JUDGE